IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | CR. N0. 08-243 |
| | ) | |
| DARRYL LEE ARNOLD, JR. | ) | |

## OPINION

Presently before the Court are Defendant's "Motion to Produce Evidence Which the Government Intends to use Under Federal Rules of Evidence 404(b) and 609 With Citation of Authority" ("Defendant's Motion for Disclosure of Fed.R.Evid. 404(b) and 609 Evidence"). [Doc. #27] and "Motion for Discovery with Citation of Authority" ("Defendant's Discovery Motion") [Doc. 28]. The Government has responded to both motions in an omnibus response. [Doc. #30].

**I.    Defendant's Motion for Disclosure of Fed.R.Evid. 404(b) and 609 Evidence.**

In this motion, Defendant requests "an order compelling the government to provide defendant with a statement containing the nature, dates, and places of occurrences of any criminal offenses or acts of misconduct other than that specified in the Indictment which the government will offer in evidence at trial, along with the purpose for which the government will seek to admit such evidence." Defendant's Motion to Disclosure of Fed.R.Evid. 404(b) and 609 Evidence, p. 1.

In its Omnibus Response to Defendant's motions, the government states that it "does not presently intend to offer any evidence under Fed.R.Evid. 404(b) during its case in chief. Should this position change, the government will, in advance of trial, provide the Court and the defendant with a written summary of any extrinsic acts evidence it would offer under Rule 404(b). The government further states: "[i]f the defendant testifies, the government would introduce evidence of the defendant's convictions under Fed.R.Evid. 609." The government then specifies which of Defendant's convictions it would introduce and argues that the convictions for drug offenses are admissible for impeachment purposes under Fed.R.Evid. 609(a)(1) and the conviction for Providing False Identification to Law Enforcement is admissible under Fed.R.Evid. 609(a)(2).

Given the government's response, we will deny Defendant's Motion for Disclosure of Fed.R.Evid. 404(b) and 609 Evidence as moot .

## II.     Defendant's Motion for Discovery.

In his Motion for Discovery, Defendant requests discovery of various types of evidence. First, he is requesting complete discovery of all electronic surveillance in the case: "Counsel . . . requested complete discovery of all electronic surveillance in the case, such as is required under Rule 16(a)(1)(B) and (a)(1)(E)." Motion for Discovery, ¶ 2. The government does not oppose this request. See Government's Omnibus Response, p. 3 ("The government is aware of the concerns raised in paragraphs 1 and 2 of the defendant's discovery motion and is taking the appropriate steps to address those concerns."). Accordingly, Defendant's Motion for Discovery is granted to the extent it seeks discovery of all electronic surveillance in this case.

Second, Defendant requests notice and information related to expert witnesses as required by Fed.R.Crim.P. 16(a)(1)(F) and (G) and Fed.R.Evid. 702, 703 and 705. Defendant's Motion for Discovery, ¶ 3. In response, the government contends that "[t]he defendant has been provided with all copies of relevant scientific reports and will be furnished with all Fed.R.Evid. 702, 70[3] and 705 in advance of trial." Government's Omnibus Response, p. 3. Given the government's response, we will deny Defendant's Motion for Discovery to the extent that it seeks notice and information related to expert witnesses as required by Fed.R.Crim.P. 16(a)(1)(F) and (G) and Fed.R.Evid. 702, 703 and 705 as moot.

Third, Defendant demands to know the identity of any confidential informants in his case:

> Mr. Arnold submits that he is entitled to be given the identity of any confidential informants in his case, as such persons are percipient witnesses and investigation regarding these individuals are necessary and critical to Mr. Arnold's defense.
>
> Under the balancing test the court must make pursuant to Roviaro v. United States, supra, the court must balance the public interest in protecting the flow of information and an individual's right to prepare his defense. Mr. Arnold believes that the investigation of this was based almost exclusively on the word of the confidential informant. Mr. Arnold submits that he will be unduly prejudiced if the confidential informant's identity is not given prior to trial, as the confidential informant's identity and an opportunity to investigate is essential to his defense and to a fair determination of the case against him.

Motion for Discovery, ¶¶ 5-6, citing, Rovario v. United States, 353 U.S. 53 (1957); United States v. Bonilla, 615 F.2d 1262 (9th Cir. 1980); Lopez-Hernandez v. United States, 394 F.2d 820 (9th Cir. 1968).

In Roviaro, the Supreme Court held that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the [informer's] privilege must give way." Id. at

3

60-61 (footnote omitted). The Court further explained:

> [w]e believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

Id. at 628-29.

In response to Defendant's motion for disclosure of the confidential informant's identity, the government argues that Rovario is inapplicable in this case and the defendant is not entitled to the pretrial identity of the confidential informant because the confidential informant will be testifying. Government's Omnibus Response, pp. 3-4. In support of this argument the government cites United States v. Casseus, 282 F.3d 253 (3d Cir. 2002). Id. at p. 3.

In the Casseus case, the defendants argued that the district court erred by refusing to order the prosecution, within a reasonable time before trial, to disclose and allow the defendants to interview the only available witnesses, who were in the custody of the prosecution. Id. at 256-57. The court held that the district court did not abuse its discretion when it denied such discovery. Id. at 257. In so holding, the court explained:

> [f]irst, it is clear that a criminal defendant does not have the right to full discovery of the government's case. See, e.g. United States v. Addonizio, 451 F.2d 49, 62 (3d Cir.1972) ("in no event is the government required to divulge the identity of its witnesses in a noncapital case"); 18 U.S.C. § 3432 (a person charged with a capital offense must be furnished with a list of witnesses at least three days prior to trial). Second, none of the cases relied upon by the appellants are applicable. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) requires the prosecution to disclose "evidence favorable to the accused." Here, the record is clear that the witnesses had no exculpatory information to offer the appellants. Furthermore, appellants' reliance on Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) and United States v. Jiles, 658 F.2d

4

194 (3d Cir.1981), is inappropriate. These cases address the duty of the
prosecution to disclose the identity of confidential informants *who will not testify*.

Id.(emphasis added).

Consistent with the decision in Casseus, we will deny the motion to reveal the confidential informant's identity. This is a non-capital case and the confidential informant will be testifying; thus, we find that Roviaro is inapplicable to the case at hand and the government is not obligated to disclose the identity of the confidential informant at this time. See also United States v. Glover, 583 F.Supp.2d 5, 12 (D.D.C. 2008) ("[t]urning to the defendants' requests to disclose the identities of informants who were participants in or witnesses of the charged crimes, the Court is inclined to agree with the government that *Roviaro* and its progeny apply only when the informant does not testify at trial"). Of course, the government is expected to provide Defendant with any evidence relevant to the confidential informant that constitutes impeachment evidence. *See* infra.

Fourth and finally, Defendant seeks disclosure "of any and all evidence in any form which tends to detract from the credibility or probative value of testimony or evidence intended to be used by the prosecution," including: (1) "information about any accusations or investigations of the government witnesses that would tend to undermine his or her credibility;" (2) "disclosure of information concerning the acts of any witness for the government that are arguably acts of crimin falsi whether or not those acts resulted in the filing of criminal or civil charges. These requests include, but are not limited to, the criminal records of any prospective prosecution witnesses;" (3) "state and local records of the witness whether or not such records appear on the witness' 'rap sheets' or are in a public database;" (4) "any information or materials

5

that would in any way impugn the credibility of any of the police or law enforcement officers whom the government will offer as fact witnesses;" and (5) "information concerning any disciplinary charges against or findings made or actions taken by police or law enforcement authorities concerning the officers or agents, including any reduction in rank or other sanctions imposed upon the officers or agents, and the reasons for those actions." Motion for Discovery, ¶¶ 7-11. In response, the government agrees to provide the defense with all impeachment evidence, "if it exists, in advance of trial." Government's Omnibus Response, p. 4. Given the government's response, we will grant Defendant's Motion for Discovery to the extent that it seeks disclosure of any and all impeachment evidence.

An appropriate Order will follow.

February 11, 2009

*Maurice B. Cohill Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge