# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) CR. No. 08-243 |
| DARRYL LEE ARNOLD, JR. | ) |
| Defendant. | ) |

## MEMORANDUM OPINION and ORDER

Defendant Darryl Lee Arnold, Jr. has filed a "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)." ECF No. 58. Mr. Arnold pleaded guilty to a one-count indictment charging him with distribution of 5 grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

The Presentence Investigation Report indicated that the appropriate offense level *prior to any enhancements* would be 21, however because Mr. Arnold was designated as a career offender, his total offense level was 31. With a criminal history category of Roman Numeral VI the recommended sentencing range for Mr. Arnold was 188 to 235 months' imprisonment.

Because this case involved crack cocaine, I used a 1-to-1 crack-to-powder ratio as I announced in opinions in Criminal Nos. 08-48 Erie and 06-72 Erie filed on August 12, 2009. In this case, applying a 1-to-1 crack-to-powder ratio resulted in a base offense level of 12. Applying a 2-level adjustment for acceptance of responsibility lowered the offense level to 10. Using a 1-to-1 ratio with an offense level of 10 and a Criminal history of V, the alternative sentencing range would be 21 to 27 months' imprisonment, with a 60-month statutory mandatory minimum in this case. Thus, absent a career offender designation, Mr. Arnold faced a statutory

minimum sentence of 60 months. However, *because of the career offender designation* the Defendant's total offense level remained as 31 and his criminal history category was increased to VI, and thus the applicable alternative sentencing range remained as 188 to 235 months' imprisonment.

Sentencing was held on January 21, 2010. Defendant filed a motion for downward departure under section 4A1.3 of the Guidelines based on his criminal history category substantially over-representing the seriousness of his criminal history, which we denied. In addition, we denied Mr. Arnold's objection to an additional criminal history point for one of his offenses. However, we did vary from the guideline range of 151 to 188 months based on our consideration of the relevant factors in 18 U.S.C. § 3553(a) and our determination that there were factors present in Mr. Arnold's case that compelled a sentence below the applicable guideline range. We also noted that there were factors present that compelled a sentence higher than the then-applicable 60-month statutory minimum sentence. Ultimately, we sentenced Mr. Arnold to 84 months' imprisonment.

He now moves for a reduction of his sentence based on the recently enacted Fair Sentencing Act of 2010, which was signed into law on August 3, 2010. Pub.L. 111-220, 124 Stat. 2372 The Fair Sentencing Act raises the threshold quantity of crack cocaine necessary to invoke the statutory minimum prison sentence of 60 months from five grams of crack cocaine to 28 grams. See id. at Sec. 2(a)(2) (amending 21 U.S.C. § 841(b)(1)(B)(iii)). Mr. Arnold submits that he is entitled to be resentenced to a sentencing range of either 70 to 87 months, or if a 1-to-1 ratio is applied, 21 to 27 months. We will deny Mr. Arnold's motion because the Fair Sentencing Act is not retroactive at this time, and because even if the Act was retroactive Mr. Arnold's status as a career offender likely renders him ineligible for a reduction.

Pursuant to section 109 of Title 1, also known as the "general savings statute," we must apply the penalties in place at the time the crime was committed, unless the new law expressly provides for retroactive application. 1 U.S.C. § 109 ("repeal of any statute shall not have the effect to release or extinguish any penalty ... incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty[.]"). The Fair Sentencing Act contains no statement indicating that the Act is retroactive, and thus cannot be applied retroactively. United States v. Reevey, 631 F.3d 110, 115 (3d Cir.2010) (the Fair Sentencing Act "does not contain an express statement that the increase in the amount of crack cocaine triggering the five-year mandatory minimum is to be applied to crimes committed before the [Act's] effective date."). In Reevey, the United States Court of Appeals for the Third Circuit affirmed the district court's finding that the Fair Sentence Act does not retroactively apply to a person sentenced prior to the effective date of the Fair Sentencing Act.

Therefore, Mr. Arnold is not entitled to the benefit of the recently enacted law, and we will deny his petition. If the statute is amended to have a retroactive effect applicable to his case, he may thereafter be entitled to seek modification of his term of imprisonment under 18 U.S.C. § 3582(c)(2).

We note that on June 30, 2011, the United States Sentencing Commission approved a proposed amendment to the sentencing guidelines that would retroactively apply the guidelines adopted pursuant to the Fair Sentencing Act. This is not a statutory change. The amendment is expected to become effective on November 1, 2011. If this amendment lowers the sentencing range on which Mr. Arnold's sentence was based, he may be entitled to seek modification of his term of imprisonment under 18 U.S.C. § 3582(c)(2) consistent with the new Amendment.

However, we do not think that Mr. Arnold will qualify for such a reduction because the sentencing range on which his sentence is unlikely to be lowered based on the new Amendment. When a defendant has been sentenced as career offender a Court does not in all cases have the power to simply apply the retroactive guidelines and impose a reduced sentence. Section 3582(c)(2) permits a retroactive reduction in sentence to defendants who have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Similarly section 1B1.10(a)(1) of the Guidelines permits a retroactive reduction in sentence if "the guideline range applicable to [] defendant has been ... lowered as a result of an amendment to the Guidelines Manual listed in subsection c . . . . " § 1B1.10(a)(1). Finally, section 1B1.10(a)(2)(B) of the Guidelines states that a reduction in a defendant's sentence is not authorized where the amendment in question "does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B).

Mr. Arnold was sentenced "based on" a career offender guideline range of 188 to 235 months, a range that in all likelihood will not be lowered by the Sentencing Commission or by the proposed Amendment when it becomes effective. Therefore, Mr. Arnold will likely not be entitled to a retroactive reduction in his sentence.

Despite his status as a career offender, we sentenced Mr. Arnold below the career offender guideline range. This does not help Mr. Arnold as we determined that his Career Offender status was proper when we denied his motion for downward departure. We did vary from the career offender range, but our variance and ultimate sentence was based on the fact that Mr. Arnold was accurately determined to be a career offender facing a range of imprisonment of 188 to 235 months. Moreover, we rejected Mr. Arnold's argument to impose a sentence of 60 months -- the lowest possible sentence that could be imposed at the time – because we determined that there were factors that compelled a sentence higher than 60 months. Thus, no

matter what the possible minimum sentence Mr. Arnold would face, because he is a career offender our determination that an 84-month sentence is appropriate would not change.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 28th day of July, 2011 it is hereby ORDERED, ADJUDGED and DECREED that Defendant's "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (ECF No. 58) be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record

Darryl Lee Arnold, Jr., pro se
No. 30013-068
FCI McDowell
P.O. Box 1009
Welch, WV 24801